

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:14-CR-13 |
| | § | |
| GARY ALBERT LASKOSKIE | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Gary Albert Laskoskie, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its Petition for Warrant or Summons for Offender Under Supervision (doc. #76) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on August 21, 2019, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On February 17, 2015, The Honorable Marcia A. Crone of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. Judge Crone sentenced Mr. Laskoskie to 57 months imprisonment, to be followed by three (3) years of supervision subject to the standard conditions of release, plus special conditions to include financial disclosure, drug and mental health aftercare and a $100 special assessment. On July 7, 2017, the defendant completed his period of imprisonment and began service of the supervision term.

On October 26, 2018, the Court revoked the defendant's original supervision. Mr.

Laskoskie was sentenced to five (5) months imprisonment followed by a new two (2) year term of supervised release. *See Order* (doc. #72). On March 1, 2019, Gary Albert Laskoskie completed his period of imprisonment for the revocation and began service of the instant supervision term. On March 8, 2019, Judge Crone modified the special conditions of supervision, with consent of the defendant, to include community corrections in a residential reentry center for a period of 180 days. *See Petition* (doc. #74) and *Order* (doc. #75).

**B.  Allegations in Petition**

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*You must refrain from any unlawful use of a controlled substance.*

On March 8, 2019, during an administrative office visit, Mr. Laskoskie submitted a urine specimen which tested positive for marijuana and methamphetamine. He admitted, verbally and in writing, to the use of each controlled substance.

**C.  Evidence presented at Hearing**

At the hearing, the Government proffered evidence establishing that Mr. Laskoskie submitted a urine specimen for testing which yielded a positive result for marijuana and methamphetamine. The record would show that his supervision conditions prohibit him from using controlled substances unlawfully.

Defendant offered a plea of true to the allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he used controlled substances in violation of his supervision conditions in this case.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by using controlled substances.

If the Court finds that Mr. Laskoskie violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release, extend the term of supervision, and/or modify the conditions of supervision. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

At the revocation hearing, the parties could not reach an agreement on the appropriate sentence for the supervised release violation. Laskoskie pled true and agreed that he violated his supervised release, but he offered an explanation for his violative conduct. He noted his ability to maintain consistent employment and averred that while working, he did not submit any dirty urine specimens. The defendant also pointed out that he has already had his supervision revoked once as well as being held in Hardin County without requesting a bond. If he had known he had the federal petition pending against him, he states he would have bonded out to face the federal sentence more expeditiously. He also described difficulties encountered at his employment beyond his control. Based on the circumstances and background history, Laskoskie requested a sentence at the lower end of the range recommended by the Guidelines.

The Government relied on the sentencing options prepared by the United States Probation Office and requested a sentence of eight (8) months for the revocation. In support, the Government argued that Mr. Laskoskie's history of noncompliance and drug use support this sentence.

After considering the circumstances of the case and the arguments and evidence presented, the Court finds that Defendant violated his conditions of supervised release with the Grade C violation as stated *supra*. In reaching a decision on an appropriate sentence, the Court takes into account Mr. Lasksoskie's criminal history, his admitted violation, the circumstances surrounding his underlying conduct, and his acceptance of responsibility for that failure. The applicable statute, 18 U.S.C. § 3583(e), and the Guidelines give the undersigned the authority to revoke the

supervision term or modify in light of the violation. Based on the evidence of this case and the admitted violation, the Court finds it appropriate to revoke Mr. Laskoskie's supervised release and sentence him to a term of imprisonment at the low end of the Guideline Range. The undersigned has taken into account the sentencing factors under 18 U.S.C. § 3553(a), especially the history and characteristics of the defendant. The Court also notes that Mr. Laskoskie has already served one term of imprisonment for a prior revocation. The undersigned appreciates his candor in court about his wrongdoings as well as his willingness to maintain employment. Given these considerations, the Court finds a sentence less than that requested by the Government and Probation to be sufficient. A six (6) month sentence adequately takes into account the nature of Laskoskie's violative conduct balanced with the need for a just punishment given the offense. *See* 18 U.S.C. § 3553(a)(2)(A).

Based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. Considering the applicable sentencing factors, the totality of the circumstances, and the testimony presented, the undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **six (6) months imprisonment** on the supervised release revocation, with no further supervision to follow.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275,

276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 23rd day of August, 2019.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE